Exhibit A

**CT Corporation**

**Service of Process Transmittal**
11/18/2013
CT Log Number 523907177

TO:    Maria Parravicini
       John Bean Technologies, Corp.
       70 West Madison, Suite 4400
       Chicago, IL 60602

RE:    **Process Served in California**

FOR:   John Bean Technologies Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Steven Arizga, Pltf. vs. John Bean Technologies Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Case Management Conference, Cause(s) of Action, Cover Sheet(s), Instruction(s), Alternative Dispute Resolution Package |
| **COURT/AGENCY:** | Tulare County - Superior Court - Visalia, CA<br>Case # 254143 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Conveyor Systems and Fruit Processing Equipment Line |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/18/2013 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Warren R. Paboojian<br>Baradat & Paboojian, Inc.<br>720 West Alluvial Avenue<br>Fresno, CA 93711<br>559-431-5366 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/19/2013, Expected Purge Date: 11/24/2013<br>Image SOP<br>Email Notification, Maria Parravicini maria.parravicini@jbtc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11/18 @ 3p~

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHN BEAN TECHNOLOGIES CORPORATION; JBT CORPORATION;
JBT FOODTECH; and DOES 1 to 100, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEVEN ARIZAGA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
TULARE COUNTY SUPERIOR COURT
COUNTY GOVERNMENT CENTER
221 S. MOONEY BLVD., ROOM 201
VISALIA, CA 93291

**CASE NUMBER:**
*(Número del Caso):*
254143

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WARREN R. PABOOJIAN, No. 128462          559-431-5366
ADAM B. STIRRUP, No. 257683
BARADAT & PABOOJIAN, INC.
720 West Alluvial Avenue, Fresno, CA 93711

DATE: NOV 1 2 2013          LaRayne Cleek          Clerk, by          Linnette Ybarra          , Deputy
*(Fecha)*                                    *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* John Bean Technologies Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]  COURT SEAL

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| WARREN R. PABOOJIAN, No. 128462<br>ADAM B. STIRRUP, No. 257683<br>BARADAT & PABOOJIAN, INC.<br>720 West Alluvial Avenue<br>Fresno, CA 93711<br>TELEPHONE NO.: 559-431-5366    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | FILED<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>NOV 1 2 2013<br><br>LARAYNE CLERK, CLERK<br>BY _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: COUNTY GOVERNMENT CENTER
MAILING ADDRESS: 221 S. MOONEY BLVD., ROOM 201
CITY AND ZIP CODE: VISALIA, CA 93291
BRANCH NAME:

PLAINTIFF: STEVEN ARIZAGA

DEFENDANT: JOHN BEAN TECHNOLOGIES CORPORATION; JBT CORPORATION; JBT FOODTECH; and

[X] DOES 1 TO 100, inclusive

*CALENDARED*

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED *(Number)*:<br>Type *(check all that apply)*:<br>[ ] MOTOR VEHICLE   [X] OTHER *(specify)*: GENERAL NEGLIGENCE<br>    [ ] Property Damage   [ ] Wrongful Death<br>    [ ] Personal Injury   [ ] Other Damages *(specify)*: | CASE MANAGEMENT CONFERENCE<br>PRODUCTS LIABILITY; Hearing Date: 3/12/14<br>Time: 8:30am<br>Department: 2 |
|---|---|

| Jurisdiction *(check all that apply)*:<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded [ ] does not exceed $10,000<br>                   [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>254143 |
|---|---|

1. Plaintiff *(name or names)*: STEVEN ARIZAGA

   alleges causes of action against defendant *(name or names)*: JOHN BEAN TECHNOLOGIES CORPORATION; JBT CORPORATION; JBT FOODTECH; and DOES 1 to 100, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages: 8

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: ARIZAGA v. JOHN BEAN TECH. | CASE NUMBER: |
| --- | --- |

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except defendant** *(name):*
   JOHN BEAN TECHNOLOGIES CORPORATION

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   c. ☒ **except defendant** *(name):*
   JBT CORPORATION

    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   b. ☒ **except defendant** *(name):*
   JBT FOODTECH

    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   d. ☐ **except defendant** *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 100       were the agents or employees of other
    named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 100       are persons whose capacities are unknown to
    plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: ARIZAGA v. JOHN BEAN TECH. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [ ] Motor Vehicle
   b. [x] General Negligence
   c. [ ] Intentional Tort
   d. [x] Products Liability
   e. [ ] Premises Liability
   f. [ ] Other *(specify):*

11. Plaintiff has suffered
   a. [x] wage loss
   b. [x] loss of use of property
   c. [x] hospital and medical expenses
   d. [x] general damage
   e. [x] property damage
   f. [x] loss of earning capacity
   g. [ ] other damage *(specify):*

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [x] compensatory damages
      (2) [ ] punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [x] according to proof
      (2) [ ] in the amount of: $

15. [x] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   CHECKED PARAGRAPHS 1-14 ABOVE, THE GENERAL NEGLIGENCE CAUSE OF ACTION, AND
   THE PRODUCTS LIABILITY CAUSE OF ACTION.

Date: 11 · 7 · 13

_____
WARREN R. PABOOJIAN
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT—Personal Injury, Property**          Page 3 of 3
                                            **Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE:  ARIZAGA v. JOHN BEAN TECH. | CASE NUMBER: |
|---|---|

_____FIRST_____   **CAUSE OF ACTION—General Negligence**   Page __4__
(number)

ATTACHMENT TO [x] Complaint [ ] Cross‑Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*   STEVEN ARIZAGA

alleges that defendant *(name):*   JOHN BEAN TECHNOLOGIES CORPORATION; JBT CORPORATION;
JBT FOODTECH; and

[x] Does 1_____ to 100, inclusive

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  OR ABOUT DECEMBER 28, 2012
at *(place):*  OR NEAR VENTURA COASTAL VISALIA PROCESSING FACILITY, 12310 AVENUE
268, VISALIA, TULARE COUNTY, CALIFORNIA
*(description of reasons for liability):*

1.  AT ALL TIMES PRIOR TO DECEMBER 28, 2012, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND
EACH OF THEM, NEGLIGENTLY DESIGNED, MANUFACTUREDE, DISTRIBUTED, SOLD, LEASED,
RENTED, MAINTAINED, INSPECTED, REPAIRED, AND BUILT THE CONVEYOR SYSTEM AND FRUIT
PROCESSING EQUIPMENT LINE.  SAID CONVEYOR SYSTEM WAS IN USE AT THE TIME OF THE SUBJECT
INCIDENT THAT OCCURRED ON DECEMBER 28, 2012. BASED UPON THE LOCATION OF THE
PROCESSING EQUIPMENT AND CONVEYORS AND LACK OF PROTECTIVE GUARDING OR EMERGENCY
STOP, IT WAS VIRTUALLY CERTAIN TO ANY REASONABLE PERSON AND SPECIFICALLY TO
DEFENDANTS, AND DOES 1-100, INCLUSIVE, AND EACH OF THEM, THAT A WORKER WOULD COME IN
CONTACT WITH THE CONVEYOR SYSTEM WHILE USING, OPERATING AND/OR MAINTAINING THE
PROCESSING EQUIPMENT AND CONVEYORS.  AT ALL RELEVANT TIMES, THE STATE OF THE
CONVEYOR SYSTEM AND THE FRUIT PROCESSING EQUIPMENT LINE WAS IN VIOLATION OF ONE OR
MORE STATE AND/OR FEDERAL REGULATIONS.  ON OR ABOUT DECEMBER 28, 2012, PLAINTIFF WAS
USING AND/OR OPERATING AND/OR MAINTAINING THE PROCESSING EQUIPMENT AND CONVEYORS
AS INTENDED.  DURING THE COURSE OF THIS USE AND/OR OPERATION AND/OR MAINTENANCE AND
AS A PROXIMATE RESULT OF THE DEFECTS HEREIN DESCRIBED, PLAINTIFF'S ARM CAME IN CONTACT
WITH THE CONVEYORS PULLING HIM INTO THE CONVEYOR SYSTEM AND FRUIT PROCESSING
EQUIPMENT LINE CAUSING HIM SEVERE BODILY INJURY.

2.  AT ALL TIMES HEREIN MENTIONED, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND EACH OF
THEM, WERE ENGAGED IN THE BUSINESS OF DESIGNING, TESTING, DEVELOPING, MANUFACTURING,
FABRICATING, ASSEMBLING, DISTRIBUTING, WARNING, INSTRUCTING, BUYING, SELLING,
INSPECTING, SERVICING, REPAIRING, MARKETING, WARRANTING, LEASING, RENTING, SUPPLYING,
MODIFYING, AND/OR PROVIDING CONVEYOR SYSTEMS AND FRUIT PROCESSING EQUIPMENT,
INCLUDING THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE.

3.  AT ALL TIMES HEREIN MENTIONED, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND EACH OF
THEM, HAD A DUTY TO DESIGN, TEST, DEVELOP, MANUFACTURE, FABRICATE, ASSEMBLE,
DISTRIBUTE, WARN, INSTRUCT, BUY, SELL, INSPECT, SERVICE, REPAIR, MARKET, WARRANT, LEASE,
RENT, SUPPLY, MODIFY, AND/OR PROVIDE THE SUBJECT CONVEYOR SYSTEM AND FRUIT
PROCESSING EQUIPMENT LINE IN A REASONABLE MANNER AND, FURTHER, TO PROVIDE WARNINGS
AND/OR INSTRUCTIONS PERTAINING TO THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING
EQUIPMENT LINE IN A REASONABLE MANNER.

[CONTINUED ON PAGE 5]

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Legal
Solutions·
Q Plus

Code of Civil Procedure 425.12

| SHORT TITLE:  ARIZAGA v. JOHN BEAN TECH. | CASE NUMBER: |
|---|---|

4.  AT ALL TIMES HEREIN MENTIONED, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND EACH OF THEM, KNEW, OR IN THE EXERCISE OF REASONABLE CARE, SHOULD HAVE KNOWN, THAT THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE WAS NOT DESIGNED, TESTED, DEVELOPED, MANUFACTURED, FABRICATED, ASSEMBLED, DISTRIBUTED, BOUGHT, SOLD, INSPECTED, SERVICED, REPAIRED, MAINTAINED, LEASED, RENTED, MARKETED, WARRANTED, SUPPLIED, MODIFIED, AND/OR PROVIDED IN A REASONABLE MANNER, AND THAT THE WARNINGS AND INSTRUCTIONS PROVIDED WITH THE CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE, IF ANY, WERE NOT REASONABLE.

5.  AT ALL TIMES HEREIN MENTIONED, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND EACH OF THEM, NEGLIGENTLY, CARELESSLY AND/OR RECKLESSLY DESIGNED, TESTED, DEVELOPED, MANUFACTURED, FABRICATED, ASSEMBLED, DISTRIBUTED, BOUGHT, SOLD, INSPECTED, SERVICED, REPAIRED, MAINTAINED, LEASED, RENTED, MARKETED, WARRANTED, SUPPLIED, MODIFIED, AND/OR PROVIDED THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE, AND EACH AND EVERY COMPONENT PART THEREOF, IN THAT THE SAME WAS CAPABLE OF CAUSING AND, IN FACT, DID CAUSE PERSONAL INJURIES TO THE CONSUMER, USER, AND/OR BYSTANDER THEREOF, WHILE BEING USED IN A MANNER REASONABLY FORSEEABLE, THEREBY RENDERING THE SAME UNSAFE AND DANGEROUS FOR USE BY THE CONSUMER, USER AND/OR BYSTANDER.

6.  AT ALL TIMES HEREIN MENTIONED, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND EACH OF THEM, EXPRESSLY AND/OR IMPLIEDLY, WARRANTED TO PLAINTIFF, AND TO THAT CLASS OF PEOPLE WHO WOULD NORMALLY BE EXPECTED TO USE AND/OR OPERATE, AND/OR MAINTAIN THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE, AND EACH AND EVERY COMPONENT PART THEREOF, THAT THE PRODUCT WAS FIT FOR THE PURPOSE FOR WHICH IT WAS TO BE USED, AND WAS FREE FROM DESIGN AND MANUFACTURING DEFECTS.                    [CONTINUED ON PAGE 6]

*(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court.    Page ___5___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal
Solutions
Plus

CRC 201, 501

SHORT TITLE: ARIZAGA v. JOHN BEAN TECH.                    CASE NUMBER:

1  7.  THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE, AND EACH

2  AND EVERY COMPONENT PART THEREOF, WERE NOT FREE FROM SUCH DEFECTS, NOR FIT FOR

3  THE PURPOSE FOR WHICH THEY WERE TO BE USED, AND WAS, IN FACT, DEFECTIVELY

4  MANUFACTURED AND DESIGNED AND IMMINENTLY DANGEROUS TO CONSUMERS, USERS, AND

5  BYSTANDERS, INCLUDING PLAINTIFF, AND WAS CAPABLE OF CAUSING AND, IN FACT, DID

6  CAUSE SEVERE INJURIES TO THE USERS, CONSUMERS, AND BYSTANDERS THEREOF, INCLUDING

7  PLAINTIFF, WHILE BEING USED, AND/OR OPERATED, AND/OR MAINTAINED IN A MANNER

8  REASONABLY FORSEEABLE, THEREBY RENDERING SAME UNSAFE AND DANGEROUS FOR USE

9  BY CONSUMERS, USERS, AND/OR BYSTANDERS.

10  8.  AT ALL TIMES HEREIN MENTIONED, DEFENDANTS, AND DOES 1 TO 100, INCLUSIVE, AND

11  EACH OF THEM, BREACHED THE ABOVE-DESCRIBED EXPRESS AND/OR IMPLIED WARRANTIES,

12  IN THAT THE SUBJECT CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE WAS

13  NOT OF MERCHANTABLE QUALITY AND PRODUCTION, WAS NOT FIT FOR THE PURPOSE FOR

14  WHICH IT WAS TO BE USED, AND WAS NOT FREE FROM DESIGN AND MANUFACTURING DEFECTS

15  TO CONSUMERS, USERS, AND BYSTANDERS THEREOF.

16  9.  AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS', AND DOES 1 TO 100, INCLUSIVE,

17  AND EACH OF THEIR, AFOREMENTIONED CONDUCT, PLAINTIFF SUSTAINED SERIOUS AND LIFE-

18  THREATENING INJURIES, AND INCURRED RELATED DAMAGES INCLUDING, BUT NOT LIMITED

19  TO, PAST AND FUTURE MEDICAL EXPENSES, PAST AND FUTURE WAGE LOSS, AND LOSS OF

20  EARNING CAPACITY, TO BE PROVED AT THE TIME OF TRIAL.

21  10.  DEFENDANTS', AND DOES 1 TO 100, INCLUSIVE, AND EACH OF THEIR, NEGLIGENCE WAS A

22  SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S INJURIES AND RESULTING DAMAGES

23  INCLUDING, BUT NOT LIMITED TO, PAST AND FUTURE MEDICAL EXPENSES, PAST AND FUTURE

24  LOST WAGES, LOSS OF EARNING CAPACITY, AND PAST AND FUTURE PAIN AND SUFFERING, ALL

25  IN AN AMOUNT TO BE DETERMINED AT THE TIME OF TRIAL.          [CONTINUED ON PAGE 7]

26  *(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

27  This page may be used with any Judicial Council form or any other paper filed with this court.    Page  6

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal
Solutions
℗ Plus

CRC 201, 501

| SHORT TITLE: ARIZAGA v. JOHN BEAN TECH. | CASE NUMBER: |
|---|---|

1  11. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES, THAT DEFENDANTS, AND

2  EACH OF THEM, ARE AUTHORIZED TO DO, HAVE REGULARLY DONE, AND ARE DONIG BUSINESS

3  WITH THE COUNTY OF TULARE, IN THE STATE OF CALIFORNIA, AND HAVE SYSTEMATICALLY

4  CONDUCTED BUSINESS ON A REGULAR BASIS IN THE STATE OF CALIFORNIA UNDER, AND BY

5  VIRTUE OF, THE LAWS OF THE STATE OF CALIFORNIA.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)*  The items on this page stated on information and belief *(specify item numbers, not line numbers):*

27

This page may be used with any Judicial Council form or any other paper filed with this court.   Page ___7___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

Legal
Solutions
& Plus

CRC 201, 501

PLD-PI-001(5)

| SHORT TITLE:   ARIZAGA v. JOHN BEAN TECH. | CASE NUMBER: |
|---|---|

_____SECOND_____   **CAUSE OF ACTION—Products Liability**       Page __8__
(number)

ATTACHMENT TO [x] Complaint [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):*  STEVEN ARIZAGA

Prod. L-1. On or about *(date):*  DECEMBER 28, 2012       plaintiff was injured by the following product:
CONVEYOR SYSTEM AND FRUIT PROCESSING EQUIPMENT LINE

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant.  The product at the time of injury
was being
[x] used in the manner intended by the defendants.
[x] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent.  Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
[ ] purchaser of the product.                    [x] user of the product.
[x] bystander to the use of the product.          [ ] other *(specify):*

**PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:**

Prod. L-4. [x] **Count One--Strict liability** of the following defendants who
a. [x] manufactured or assembled the product *(names):*  JOHN BEAN TECHNOLOGIES
CORPORATION; JBT CORPORATION; JBT FOODTECH; and

[x] Does 1_____ to 100, incl.
b. [x] designed and manufactured component parts supplied to the manufacturer *(names):*
JOHN BEAN TECHNOLOGIES CORPORATION; JBT CORPORATION; JBT FOODTECH; and

[x] Does 1_____ to 100, incl.
c. [x] sold the product to the public *(names):*JOHN BEAN TECHNOLOGIES CORPORATION; JBT
CORPORATION; JBT FOODTECH; and

[x] Does 1_____ to 100, incl.
Prod. L-5. [x] **Count Two--Negligence** of the following defendants who owed a duty to plaintiff *(names):*
JOHN BEAN TECHNOLOGIES CORPORATION; JBT CORPORATION; JBT FOODTECH; and

[x] Does 1_____ to 100, incl.
Prod. L-6. [x] **Count Three--Breach of warranty** by the following defendants *(names):*  JOHN BEAN TECHNOLOGIES
CORPORATION; JBT CORPORATION; JBT FOODTECH; and

[x] Does 1_____ to 100, incl.
a. [ ] who breached an implied warranty
b. [ ] who breached an express warranty which was
[ ] written   [ ] oral
Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod. L-7   [ ] as follows:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]    **CAUSE OF ACTION—Products Liability**    Legal Solutions Plus    Code of Civil Procedure, § 425.12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| WARREN R. PABOOJIAN, No. 128462<br>ADAM B. STIRRUP, No. 257683<br>BARADAT & PABOOJIAN, INC.<br>720 West Alluvial Avenue<br>Fresno, CA 93711 | **FILED**<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>**NOV 1 2 2013**<br><br>LARAYNE CLEEK, CLERK<br>BY._____<br><br>*Linnetta Ybarra* |
| TELEPHONE NO.: 559-431-5366   FAX NO.: | |
| ATTORNEY FOR *(Name):* PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: COUNTY GOVERNMENT CENTER
MAILING ADDRESS: 221 S. MOONEY BLVD., ROOM 201
CITY AND ZIP CODE: VISALIA, CA 93291
BRANCH NAME:

CASE NAME:   ARIZAGA v. JOHN BEAN TECH.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **254143**<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11.7.13

WARREN R. PABOOJIAN, No. 128462
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type** that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book account) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition



# Superior Court of the State of California

**COUNTY OF TULARE**
CIVIL LEGAL PROCESSING
221 S. Mooney Blvd., Room 201
Visalia, California 93291
Telephone: (559) 730-5000

## ALTERNATIVE DISPUTE RESOLUTION PACKAGE

This is Tulare County Superior Court's Alternative Dispute Resolution (ADR) Package. The package contains:

1. The court's current ADR Referral List;

2. Tulare County Superior Court's Local Rule 600 on Case Management Conferences;

3. Information about ADR.

At the time a civil complaint is filed, the clerk will issue a hearing date and time for the Case Management Conference (CMC). This information is placed on the front page of the complaint. Plaintiff must serve notice of the CMC hearing and this ADR Package on each defendant with the summons and complaint.

**All parties appearing in the action are ordered to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time under Local Rule 600(a)(5).**

Each party must file and serve a CMC statement on Judicial Council form CM-110 no later than 15 calendar days before the CMC hearing under California Rules of Court, rule 3.725 and Local Rule 600(a)(6).

Counsel and unrepresented parties are required to be present, either in person or by CourtCall (See Local Rule 108 regarding CourtCall), at the CMC hearing and have authority to enter into a mediation agreement if the parties have agreed to mediate. Each party appearing shall also have sufficient information and understanding of the case in order to evaluate it accurately.

**Please be advised that monetary and/or terminating sanctions shall be imposed against parties and counsel who fail to comply with state and local rules regarding case management conferences without good cause.**

| ADR REFERRAL LIST July 2013 | | |
|---|---|---|
| **NAME** | **HOURLY RATE** | **PROFILE INFORMATION** |
| Honorable Howard R. Broadman (Ret.) 300 N. Willis Visalia, CA. 93291 Phone: (559) 738-1800 Fax: (559) 738-1102 Email: judgebroadman@aol.com | $400. per hour | Click Here  Resume on file |
| Kenneth M. Byrum 5080 California Ave #200 Bakersfield, CA 93309 Phone: (661) 861-6191 Fax: (661) 861-6190 Email: ken@kmbmediation.com | $300.00 per hour | Click Here  Resume on file |
| Russell D. Cook 1233 West Shaw, Suite 100 Fresno, CA 93711 Phone: (559) 225-2510 Fax: (559) 229-3941 Email: rdcook@rdcooklaw.com | $285.00 per hour | Click Here  Resume on file |
| Donald H. Glasrud Dietrich, Glasrud, Mallek & Aune 5250 North Palm Ave, Suite 402 Fresno, CA 93704 Phone: (559) 435-5250 Fax: (559) 435-8776 Email: dhg@dgmalaw.com | $375.00 per hour | Click Here  Resume on file |
| Lee M. Jacobson 1690 W. Shaw Avenue, Suite 201 Fresno, CA 93711 Phone: (559) 448-0400 Fax: (559) 448-0123 Email: lmj@jhnmlaw.com | $290.00 per hour | Click Here  Resume on file |
| Daniel O. Jamison 8080 North Palm Avenue Fresno, CA 93711 Phone: (559)432-4500 Fax: (559)432-4590 Email: djamison@daklaw.com | $320 per hour including travel time | Click Here  Resume on file |
| | | |

| | | |
|---|---|---|
| Honorable Patrick J. O'Hara (Ret.)<br>300 N. Willis<br>Visalia, CA. 93291<br>Phone: (559) 429-4570<br>Fax: (559) 429-4575<br>Email: judgeohara@judgeohara.com | $320.00 per hour | Click Here<br><br>Resume on file |
| Richard B. Isham<br>3814 W. Robinwood<br>P.O. Box 8139<br>Visalia, CA. 93290<br>Phone: (559) 733-2257<br>Cell: (559)738-3963<br>Email: rbisham@att.net | $300.00 per hour | Click Here<br><br>Resume on file |
| Leah Catherine Launey<br>42490 Kaweah River Drive<br>Three Rivers, CA 93271<br>Phone: (559) 561-4270<br>Fax: (559) 561-4273<br>Email: lclauney@lanneymediation.com | $175.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Kevin G.Little<br>1099 E. Champlain Drive, Suite A-124<br>Fresno, CA 93720<br>Phone: (559)708-4750<br>Fax: (559)420-0830<br>Email: kevinglittle@yahoo.com | $200.00 per hour<br>2 hour minimum | Click Here<br><br>Resume on file |
| Linda Luke<br>632 W. Oak Avenue<br>Visalia, CA. 93291<br>Phone: (559) 733-9505<br>Fax: (559) 733-3910<br>Email: lluke@pacbell.net | $275.00 per hour | Click Here<br><br>Resume on file |
| John T. Nagel<br>1233 W. Shaw Avenue, #100<br>Fresno, CA 93711<br>Phone: (559)225-2510<br>Fax: (559) 225-2389<br>Email: johntnagel@comcast.net | $245.00 per hour | Click Here<br><br>Resume on file |
| Douglas E. Noll<br>P.O. Box 2336<br>Clovis, CA. 93613<br>Phone: 800-785-4487<br>Fax: 877-765-1353<br>Email: doug@nollassociates.com | $400 per hour<br>4 hour minimum | Click Here<br><br>Resume on file |

| | | |
|---|---|---|
| James M. Phillips<br>8080 N. Palm Ave, Suite 101<br>Fresno, CA 93711<br>Phone: (559) 261-9340<br>Fax: (888) 974-4321<br>Email: phillipsgp@aol.com | $340.00 per hour | Click Here<br><br>Resume on file |
| Michael Renberg<br>1540 E. Shaw Ave, Suite 123<br>Fresno, CA 93710<br>Phone: (559) 431-6300<br>Fax: (559) 432-1018<br>Email: mrenberg@prcelaw.com | $240.00 per hour | Click Here<br><br>Resume on file |
| Laurie Quigley Saldana<br>897 Oak Park Blvd., Suite 270<br>Pismo Beach, CA. 93449<br>Phone: (559) 730-1812<br>Email: laurie@mediationcentral.net | $300.00 per hour | Click Here<br><br>Resume on file |
| Tom Simonian<br>1100 W. Center Ave<br>Visalia, CA. 93291<br>Phone: (559) 732-7111<br>Fax: (559)732-1540 | $290.00 per hour | Click Here<br><br>Resume on file |

## CHAPTER 6 – MANAGING CIVIL CASES

Rule 600 – Case Management Conference

(a) The Judicial Council has implemented state rules for the management of civil cases (Cal. Rules of Court, Chapter 2 Trial Court Management of Civil Cases, rules 10.900, et. Seq.).

In recognition of the state rules requiring the court to implement a case management Plan, the court elects to follow California Rules of Court, rule 3.714.

(1) At the time the complaint is filed, the clerk will issue a hearing date for the Case Management Conference (CMC) to plaintiff that is no less than 120 days after the filing of the complaint. The clerk will also provide the Plaintiff with the court's Alternative Dispute Resolution (ADR) package including the list of the names of the mediators who have applied and met the court's mediation/arbitration qualifications pursuant to the program adopted by the court under California Rules of Court, rule 10.781. Plaintiff must serve a Notice of CMC and the ADR package on each defendant along with the summons and complaint.

(2) Any party who files and serves a cross-complaint prior to the CMC must serve on each cross-defendant who is a new party to the action, a copy of the Notice of CMC

and the ADR package along with the summons and cross-complaint. If a new cross-defendant is served after the initial CMC, the cross-complainant must serve the new cross-defendant with notice of any pending CMC, any assigned mediation date, trial, or settlement conference dates, and any other dates set by the court or orders made at the CMC.

(3) If the plaintiff adds a new defendant or identifies a fictitiously named defendant after the initial CMC, along with the summons and complaint, plaintiff must serve the newly named defendant with notice of any pending CMC, any pending mediation date, any assigned trial and settlement conference dates, and any other dates set by the court or orders made at the CMC.

(4) Proof of service of Notice of the CMC must be filed with the court within 60 days from the date the complaint is filed and may be included in the proof of service of the summons and complaint or cross-complaint.

(5) This court has found that mediation is highly desirable and orders the parties to meet and confer prior to the CMC date regarding an agreed upon mediator and mediation date and time. A list of mediators and their fees are provided by the court in its ADR package. The mediator must be agreed upon before the CMC and the mediation date and time cleared with the mediator so the court may enter the date in the court's minute order.

(6) Under California Rules of Court, rule 3.725, no later than 15 calendar days before the date set for the CMC, each party must file a CMC statement and serve it on all other parties in the case. Parties must use the mandatory CMC Statement (Judicial Council form CM-110). All applicable items on the form must be completed.

(7) In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

(b) Presence Required – Counsel and unrepresented parties are required to be present, either in person or by telephonic appearance pursuant to The Superior Court of Tulare County, Local Rules, rule 108, and must have: (1) sufficient information and understanding of the case to evaluate it accurately, and (2) sufficient authority to enter into binding agreements such as the diversion of the case to arbitration, including binding arbitration, the setting of a trial date and mandatory settlement conference date, the dismissal of doe defendants or other parties, and the setting of a further case management conference.

(c) Compliance – Failure to attend the case management conference will result in the court making whatever orders and imposing whatever sanctions as may be necessary and appropriate to obtain compliance with these rules, including but not limited to, a waiver of the right to a jury trial and a waiver of the right to object to a referral to arbitration or other alternate dispute resolution procedure.

(d) Waiver of Notice – When all parties are present at the case management conference and a trial date and settlement conference dates are agreed to by the parties or ordered by the court, such presence is an effective waiver of a separate or formal notice of settlement conference and trial date. (01/01/03) (Revised 01/01/07, 01/01/09) (07/01/11)

## Alternative Dispute Resolution

There are different processes available to settle lawsuits without having to go to trial. The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In ADR, a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

## Advantages of ADR

- Often quicker than going to trial, a dispute may be resolved in a matter or days or weeks instead of months or years.

- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.

- Can permit more participation, allowing the parties the opportunity to tell their side of the story with more control over the outcome.

- Allows for flexibility in choice of ADR processes and resolution of the dispute.

- Fosters cooperation by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.

- Often less stressful than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If the

dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.

Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process.

## The Most Common Types of ADR

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation normally leads to better relations between the parties and to lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to freely express their positions. Mediation can be successful for victims seeking restitution from offenders. When there has been violence between the parties, a mediator can meet separately with the parties.

### Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their won resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

### There are Two Types of Arbitration in California

1. **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable result at trial, the party may have to pay a penalty.

Exhibit B

# JOHN BEAN TECHNOLOGIES CORP

## FORM 10-K
### (Annual Report)

## Filed 03/07/13 for the Period Ending 12/31/12

| | |
|---|---|
| Address | 70 W MADISON |
| | SUITE 4400 |
| | CHICAGO, IL 60602 |
| Telephone | 312 861-5900 |
| CIK | 0001433660 |
| Symbol | JBT |
| SIC Code | 3550 - Special Industry Machinery, Except Metalworking |
| Industry | Misc. Capital Goods |
| Sector | Capital Goods |
| Fiscal Year | 12/31 |



http://www.edgar-online.com
© Copyright 2013, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

---

**FORM 10-K**

---

**(Mark One)**

☒    **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the fiscal year ended December 31, 2012**

**OR**

☐    **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**Commission file number: 1-34036**

# John Bean Technologies Corporation
**(Exact name of registrant as specified in its charter)**

| Delaware | 91-1650317 |
|---|---|
| **(State or other jurisdiction of incorporation or organization)** | **(I.R.S. Employer Identification Number)** |

**70 West Madison Street**
**Chicago, IL 60602**
**(Address of principal executive offices)**

**(312) 861-5900**
**(Registrant's telephone number, including area code)**

---

Securities registered pursuant to Section 12(b) of the Act:

| Title of Each Class | Name of Exchange on Which Registered |
|---|---|
| Common Stock, $0.01 par value | New York Stock Exchange |
| Preferred Share Purchase Rights | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer as defined in Rule 405 of the Securities Act.    Yes ☐        No ☒

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.    Yes ☐        No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.
Yes ☒        No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of the registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.    ☒

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).        Yes ☒        No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer or a smaller reporting company. See definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):