Warren R. Paboojian, Calif. Bar No. 128462
Adam B. Stirrup, Calif. Bar No. 257683
Baradat & Paboojian, Inc.
720 W. Alluvial Ave.
Fresno, CA 93711
Attorneys for:  Plaintiff Steven Arizaga

Mark D. Sayre, Calif. Bar No. 111168
Henry Turner, Jr. (pro hac)
VALOREM LAW GROUP
35 E. Wacker Dr., Ste. 3000
Chicago, IL 60601
Tele: (312) 676-5463
Fax: (312) 676-5499
Attorneys for:  Defendant John Bean Technologies Corporation

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| STEVEN ARIZAGA ) | No. 13-cv-01981-MJS |
| ) | Magistrate Judge Michael J. Seng |
| ) | |
| ) | **STIPULATION RE: NEED FOR** |
| Plaintiff, ) | **COURT ORDER TO COMPEL** |
| ) | **PRODUCTION OF** |
| vs. ) | **PLAINTIFF'S PHONE** |
| ) | **RECORDS BY AT&T** |
| ) | **NATIONAL SUBPOENA** |
| JOHN BEAN TECHNOLOGIES ) | **COMPLIANCE CENTER;** |
| CORPORATION, et al., ) | **PROPOSED ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Steven Arizaga and Defendant John Bean Technologies Corporation ("JBTC"), agree and stipulate that third party AT&T National Subpoena Compliance Center ("AT&T") should be compelled to produce phone records related to the cell phone Arizaga was using on the day of his alleged accident.

1. Arizaga filed a First Amended Complaint on April 8, 2015 (Dkt. No. 37.)  Arizaga alleges he was injured when his arm came in contact with the rollers of a titled feed belt while he was performing maintenance on the belt at his employer Ventura Coastal's Visalia facility on December 28, 2012.  (*See* Dkt. No. 37, paragraph 16.)  Arizaga alleges he was performing the maintenance in a reasonable and safe manner at the time of his accident.  (*Id.*)  Arizaga also alleges the rollers of the belt were unguarded and the belt was in operation at the time of his accident.  (*Id.*, paragraph 13.)  According to the discovery to date, Arizaga removed the covers surrounding the belt and turned the belt on to perform maintenance.

2. Based on information received by JBTC's counsel, an issue exists about whether Plaintiff may have been distracted by his use of his cell phone prior to and at the time of his alleged accident.

3. Arizaga and JBTC agree it is important to secure records confirming whether Arizaga was distracted by his phone at the time of his accident.

4. JBTC's and Arizaga's counsel have tried to secure the phone records.  In response to JBTC's Interrogatory No. 3, Arizaga stated he believes the number of the cell phone he was using on the day of his accident was 559.212.7423 or 559.802.6707 and the provider was AT&T.  Arizaga listed the same numbers as his contact numbers in his employment files produced by Ventura Coastal.  In response to JBTC's Request for Production No. 10, Arizaga stated he does not have the records for the cell phone he used on December 28, 2012 in his possession, custody or control.  AT&T is therefore the only source for records of Arizaga's cell phone or text use on the day of his accident, if Arizaga is correct that AT&T was the provider.  (If necessary, JBTC intends to subpoena Verizon, Sprint, T-Mobile and Sprint in case Arizaga is incorrect that AT&T is the provider.)

5. On October 30, 2014, JBTC served AT&T with a subpoena for Arizaga's cell phone records for December 28, 2012. Arizaga's counsel objected to JBTC's subpoena on privacy grounds. Arizaga's and JBTC's counsel conferred and agreed that:

   a. JBTC would withdraw its subpoena;
   b. Arizaga's counsel would subpoena AT&T for the cell phone and text use records for phone numbers 559.212.7423 or 559.802.6707 on December 28, 2012 (the day of the accident) from 7 to 11 pm (records from Ventura Coastal indicate the time of the accident was approximately 9:00 pm);
   c. AT&T would first produce the records to Arizaga's counsel;
   d. Arizaga's counsel would redact any records from outside the agreed time period; and
   e. Arizaga's counsel would produce the redacted records to JBTC in a manner showing the time of the redacted records.

6. On December 4, 2014, Arizaga served a subpoena on AT&T for the cell phone and text use records for phone numbers 559.212.7423 or 559.802.6707 on December 28, 2012 from 7 pm to 11 pm. A copy of the subpoena is attached to this Stipulation and Proposed Order as Exhibit 1

7. On December 9, 2014, AT&T informed Arizaga's counsel that the cell phone Arizaga was using on the day of the accident was registered under the name of Arizaga's ex-girlfriend, Veronica Sorondo. AT&T informed Arizaga's counsel that AT&T had responsive records but would not produce the subpoenaed phone records without a court order unless Arizaga's ex-girlfriend signed an authorization for the release of the records. AT&T provided Arizaga's counsel with an authorization form.

8. On January 28, 2015, Arizaga's counsel spoke with Ms. Sorondo. The authorization was mailed to Ms. Sorondo that day for her review. On February 10, 2015 and February 20, 2015, follow-up calls were placed to Ms. Sorondo by Arizaga's counsel. Throughout March and April, 2015, multiple follow-up calls were placed to Ms. Sorondo by Arizaga's counsel to have her sign the authorization for the release of the phone records. On April 22, 2015, Arizaga's counsel hired an investigator, Tony Mortensen at Appleby & Co., Inc., to go to Ms. Sorondo's residence to secure her authorization. Mr. Mortensen went to Ms.

Sorondo's residence on April 22, 2015, and left his contact information with Ms. Sorondo's brother.  Follow-up calls were made to Ms. Sorondo by Mr. Mortensen on April 27, 2015, May 4, 2015, May 6, 2015, May 14, 2015 and May 18, 2015.  Ms. Sorondo has refused to respond to the requests to sign the authorization.

      9. Arizaga and JBTC agree and stipulate a court order is necessary for the parties to obtain records from AT&T for Arizaga's cell phone and text use around the time of the accident.  The parties have attached a proposed order to this Stipulation.  JBTC's counsel will submit a Word version of the proposed order by email to the Court's proposed order inbox.

IT IS SO STIPULATED.

Dated:  July 2, 2015

/s/ Adam B. Stirrup
Warren R. Paboojian, Calif. Bar No. 128462
Adam B. Stirrup, Calif. Bar No. 257683
Baradat & Paboojian, Inc.
720 W. Alluvial Ave.
Fresno, CA 93711
Attorneys for:  Plaintiff Steven Arizaga

Dated:  July 2, 2015

/s/ Henry Turner, Jr.
Mark D. Sayre, Calif. Bar No. 111168
Henry Turner, Jr. (pro hac)
VALOREM LAW GROUP
35 E. Wacker Dr., Ste. 3000
Chicago, IL 60601
Tele: (312) 676-5463
Fax: (312) 676-5499
Attorneys for:  Defendant John Bean Technologies Corporation

**ORDER**

Pursuant to Plaintiff Steven Arizaga and Defendant John Bean Technologies Corporation's ("JBTC") Stipulation and for good cause shown, IT IS ORDERED:

1. Within ten days of this Order, third party AT&T National Subpoena Compliance Center must produce to Steven Arizaga's counsel all cellular phone and text message use records for phone number (559) 212-7423 and phone number (559) 802-6707 for the period of December 28, 2012 from 7:00 pm to 11:00 pm.

2. Within ten days of this Order, third party AT&T National Subpoena Compliance Center must also produce to Steven Arizaga's counsel all cellular phone and text message use records for any phone number registered to Steven Arizaga, with the date of birth of 3/31/1987, for the period of December 28, 2012 from 7:00 pm to 11:00 pm.

3. Within one day after his receipt of the records from AT&T, Steven Arizaga's counsel will produce all the records he received from AT&T National Subpoena Compliance Center to JBTC's counsel.  Steven Arizaga's counsel may redact records from outside the period 7:00 pm to 11:00 pm on December 28, 2012 prior to production.  If Steven Arizaga's counsel makes such redactions, Steven Arizaga's counsel shall produce the redacted records in a form showing the date and time of the redacted records.  Steven Arizaga's counsel shall make no other redactions to the records produced by AT&T National Subpoena Compliance Center.

4. Plaintiff shall serve a copy of this order to AT&T National Subpoena Compliance Center within 24 hours of entry of this Order.

5. **This Order shall not be served upon AT&T until fourteen days after Plaintiff's counsel gives written notice by mail or personal delivery to the residence of Veronica Sorondo, the apparent holder of the AT&T account, of the pendency and anticipated effect of this Order and her right to object to the Order by filing written objection with this Court within that fourteen day period.  If such an objection is filed by Veronica Sorondo, the Order**

**shall not be served on AT&T until the Court has considered and ruled on Veronica Sorondo's objections, if any.**

IT IS SO ORDERED.

Dated:  July 8, 2015            /s/ *Michael J. Seng*
                          UNITED STATES MAGISTRATE JUDGE