IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN ARIZAGA**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN BEAN TECHNOLOGIES CORPORATION,**<br><br>Defendant.<br><br>---<br><br>**AND RELATED ACTION** | Case No. 1:13-cv-1981-MJS<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF JOHN BEAN TECHNOLOGIES CORPORATION ON THIRD PARTY COMPLAINT** |

For the reasons stated below, the Court grants summary judgment in favor of Third Party Plaintiff John Bean Technologies Corporation on its Third Party Complaint against Ventura Coastal, LLC.

## I.    PROCEDURAL HISTORY

Plaintiff Steven Arizaga initiated this case against John Bean Technologies Corporation ("Bean") and related entities in Tulare County California Superior Court on November 12, 2013. He there sought, and continues to seek, recovery, under negligence and products liability theories, for personal injuries he sustained during the course of his work for Ventura Coastal, LLC ("Ventura") using equipment sold by Bean (or its predecessor) to Ventura and installed in Ventura's fruit processing facility. Bean

1

1  removed the case to this Court and, as a Third Party Plaintiff, sued Third Party

2  Defendant Ventura for indemnity. All parties consented to Magistrate Judge jurisdiction

3  for all purposes.

4       Ventura filed a motion for summary judgment asserting that it owed Bean no duty

5  of indemnification under the facts alleged in this action. (ECF No. 46.) In their respective

6  briefs, the parties presented argument as to the meaning of a contractual indemnity

7  provision that requires Ventura to defend and indemnify Bean against personal injury

8  suits by Ventura's employees and contractors "arising out of the Work." (ECF Nos. 46-

9  48.) The Court ultimately adopted Bean's interpretation of the indemnity provision,

10  concluding that "Mr. Arizaga's alleged injuries, allegedly attributable to the conveyor belt

11  installed by Bean pursuant to the sales contract, clearly fall within the scope of this

12  provision." (ECF No. 55 at 7.)

13       The Court noted that this conclusion appeared to resolve not only Ventura's

14  motion for summary judgment, but also the claims in Bean's third party complaint. (Id. at

15  8.) The Court informed the parties of its intent to grant summary judgment in favor of

16  Bean pursuant to Federal Rule of Civil Procedure 56(f) and invited Ventura to provide

17  further briefing. (Id. at 9.)

18       Ventura responded with lengthy briefing concerning the meaning of the phrase

19  "arising out of the Work," a matter that, as stated, was resolved in denying Ventura's

20  motion for summary judgment. (ECF No. 56.) The Court invited Bean to respond to the

21  issues presented, including whether Ventura's brief should be treated as a motion for

22  reconsideration. (ECF No. 57.) Bean filed a response (ECF No. 60), and Ventura filed a

23  reply (ECF No. 61). The matter is now deemed submitted.

24  **II.     FACTUAL BACKGROUND**

25       **A.     The Dispute**

26       The facts underlying this dispute have been recounted in detail in the order on

27  Ventura's motion for summary judgment (ECF No. 55), and will not be repeated herein.

28  Very briefly stated, the relevant facts may be summarized essentially as follows.

Ventura, a wholesale processor of citrus juice, entered into a contract with Bean, an equipment seller and servicer, for the sale and installation of a tilted feed belt conveyor system in Ventura's Visalia facility. The sales contract was entered into in May 2008, was prepared by Bean and apparently accepted without modification by Ventura, and provides in pertinent part as follows: Ventura "shall release, defend, hold harmless and indemnify" Bean against personal injury suits by Ventura's employees and contractors "arising out of the Work." Likewise, Bean is obligated to "release, defend and hold harmless and indemnify" Ventura against personal injury suits brought by Bean's employees and contractors "arising out of the Work."

Plaintiff Arizaga was a mechanic employed by Ventura. On December 28, 2012, while he was performing maintenance on the conveyor belt within the course and scope of his employment with Ventura, he reports he slipped on oil residue and was injured by the belt's operation. He brought suit against Bean alleging design and/or manufacturing defects in the conveyor system – specifically, absence of a guard that would have prevented his injury and shortage of emergency stops – and other allegedly tortious conduct.

Bean has sued Ventura for indemnity against Arizaga's claims pursuant to the terms of the sales contract between Ventura and Bean.

**B.     Ventura's Motion for Summary Judgment**

Ventura argued on summary judgment that the contract precludes indemnity on facts such as those presented here. According to Ventura, the indemnity provision was limited to injuries occurring during the installation of the titled feed belt, and did not apply to the belt's later operation. Ventura arrives at this conclusion thusly: the indemnity provision applies to injuries arising out of the "Work." However, "Work" is not explicitly defined in the contract. A "Proposal Note" in the contract states, "Pricing shown is for the scope of work as defined. . ." (Emphasis added.) Ventura asserted that the phrase "scope of work'' refers to what has been called the "Scope Document" for the "Phase II Plant Upgrade 2008." (ECF 46-8.) According to Ventura, the Scope Document limits the

"Work," and thus the indemnity provision, to the installation provided by Bean.

Bean argued in response that the indemnity provision is not time-limited and applies whenever a Ventura employee suffers an injury arising out of the operation of the conveyor belt. According to Bean, Ventura's interpretation would defeat the very purpose of the indemnity provision by cutting off protection for Bean at the very time it would begin to need it – when Ventura's employees began working with the equipment under Ventura's exclusive control and direction and without any participation by Bean. Additionally, the contractual phrase "arising out of" is to be interpreted broadly. This phrase is not limited to the period during the installation, but instead extends to any injuries with any minimal causal connection to the conveyor belt or its installation.

The Court ultimately agreed with Bean that the phrase "arising out of the Work" must be interpreted broadly. Examining the contract and the Scope Document together, the Court concluded that the indemnity provision applies to any injury having "a minimal causal connection or incidental relationship" with the "materials and labor" that are the subject of the sales contract. Because Arizaga's alleged injuries had a causal or incidental relationship to the tilted feed belt, the Court concluded that the indemnity provision requires Ventura to indemnify Bean under the facts of this case.

## III.   PARTIES' ARGUMENTS

In the order denying Ventura's motion for summary judgment, the Court invited Ventura to provide further briefing as to why summary judgment should not be entered in favor of Bean, given the Court's determination that the phrase "arising out of the Work" required Ventura to indemnify Bean under the facts of this case.

### A.   Ventura's Opposition

Ventura argued in its motion for summary judgment that the "Work" identified in the sales contract was unambiguous and the provision should be interpreted in its favor. Here Ventura now argues that triable issues of fact regarding the term "Work" and the parties' intent prevent summary judgment for either party. In support of this argument, Ventura relies heavily on newly presented facts regarding the parties' intent.

According to Ventura, Ventura understood that both parties intended the indemnity provision to terminate at the completion of the Phase II Plant Upgrade. Ventura opines that this intent is reflected in the contract itself, the proposal notes, and the Scope Document. Bean did not raise a contrary interpretation of the provision before it was signed. Ventura would not have agreed to the provision if it believed it was bound to indemnify Bean "in perpetuity." Had Ventura intended to indemnify Bean it would have added Bean as an additional insured on Ventura's general liability policy. At the time of Arizaga's injury, Bean was not so insured.

Ventura also points to Purchase Order No. 000027245, dated June 12, 2008. This purchase order allegedly was issued to Bean to confirm the purchase of the subject equipment and as part of Ventura's routine procedures when purchasing from a contractor. Ventura claims that it intended for this purchase order to protect it against any claims of design or manufacturing defects alleged against Bean and pertaining to the equipment at issue in this case. The purchase order contains the following warranty:

> Seller warrants that the product be merchantable, be free from all defects of material and workmanship, and conform to the description; that Seller will convey good title thereto; that the product will be delivered free from any security interest or other lien or encumbrances. Where the product is made according to Seller's design, Seller warrants that the product will be fit for the purposes intended by Buyer. Seller shall be liable for all damages resulting from a breach of any of these warranties or any other term or condition of this agreement.

(ECF No. 56-7.)

Ventura explains that it did not produce this purchase order in support of its motion for summary judgment because counsel was not aware of it until after January 30, 2016, when Ventura employees retrieved documents in response to a discovery request by Bean.

Ventura also contends that, contrary to the Court's conclusion on the motion for summary judgment, Ventura employees did, in fact, work in the "same vicinity" as Bean employees during the installation of the tilted feed belt. Ventura employees performed various tasks "with or near" the equipment installed by Bean. Thus, there is no absurdity

in interpreting the indemnity provision as terminating at the conclusion of the installation identified in the Scope Document.

Finally, Ventura takes issue with various of the Court's conclusions in the order denying Ventura's motion for summary judgment and contends that the Court mistakenly resolved disputed factual questions and/or relied on disputed facts in reaching its conclusion.

## B.      Bean's Response

Bean argues that Ventura's brief should be construed as a motion for reconsideration and that Ventura's arguments and evidence do not meet the standard for granting reconsideration. Moreover, Bean contends that the evidence presented by Ventura does not undermine the Court's interpretation of the indemnity provision as requiring Ventura to indemnify Bean under the facts of this case. More specifically, Bean contends that the purchase order is inadmissible to show the parties' intent and, additionally, does not affect the meaning of the phrase "arising out of the Work." Additionally, Bean argues that evidence of Ventura's unexpressed intent is irrelevant to the Court's determination, and evidence that Ventura employees worked "with or near" the equipment while it was installed does not affect the Court's ruling.

## C.      Ventura's Reply

Ventura vigorously disputes that its brief should be considered a motion for reconsideration. Ventura states that it is not asking the Court to "reconsider anything," and instead is presenting, for the first time, its arguments as to why summary judgment should not be granted in favor of Bean. Ventura reiterates its argument that the newly presented evidence creates triable issues of fact that preclude summary judgment.

## IV.    STANDARD OF REVIEW

As stated, Ventura's motion for summary judgment revolved around the interpretation of the contract provision requiring Ventura to indemnify Bean for certain injuries "arising out of the Work." (ECF No. 46.) In response to Ventura's motion, Bean set forth a contrary interpretation of that phrase and, based on its interpretation,

1   specifically asked that judgment be entered in favor of Bean on the third party complaint.

2   (ECF No. 47.) In reply, Ventura continued to dispute Bean's interpretation. Ventura also

3   argued that it had not had sufficient notice or opportunity to respond to Bean's request,

4   and thus the Court could not enter judgment in favor of Bean. (ECF No. 48.) The Court

5   ultimately adopted Bean's interpretation of the phrase, "arising out of the Work,"

6   concluding that Ventura is required to indemnify Bean under the facts of this case. (ECF

7   No. 55.)

8        In light of the foregoing, Ventura's assertion that it is not asking the Court to

9   "reconsider anything" is not well taken. The Court cannot begin to credit Ventura's

10  arguments without reconsidering its prior finding that, on the facts of this case, Ventura

11  must indemnify Bean. Thus, Ventura's arguments relating to the interpretation of the

12  phrase "arising out of the Work" necessarily must be evaluated as a request for

13  reconsideration.

14       Additionally, Ventura's argument that it had insufficient notice or opportunity to be

15  heard on this issue is not credited. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311

16  (9th Cir. 1982). The meaning of the phrase "arising out of the Work" constituted the

17  entire basis of Ventura's motion. It was the central issue in both parties' briefs. By virtue

18  of Bean's opposition, Ventura was on notice of Bean's interpretation and the request that

19  summary judgment be entered in Bean's favor. Ventura had an opportunity to respond,

20  and did respond, to these arguments. Ventura had to have been aware of the possibility

21  that the Court could adopt the interpretation advanced by Bean.

22       Although the Court invited Ventura to explain why summary judgment should not

23  be granted in favor of Bean, it did not intend to solicit further briefing on the meaning of

24  the phrase "arising out of the Work." Instead, the Court was concerned with the

25  possibility that aspects of Bean's complaint (e.g., additional claims or requests for relief)

26  had not been sufficiently addressed in the ruling on Ventura's motion for summary

27  judgment. Although the Court did not specifically foreclose further briefing on the

28  meaning of the indemnity provision, it ruled that Ventura must  indemnify Bean under

that provision and admonished the parties not to reargue positions taken on the motion for summary judgment.

Based on the foregoing, the Court concludes that Ventura had a full and fair opportunity to present argument as to the meaning of the phrase "arising out of the Work." The Court has interpreted the phrase and concluded that it requires Ventura to indemnify Bean under the facts of this case. Ventura's new arguments regarding the meaning of the indemnity provision will be treated as a request for reconsideration of the Court's prior ruling.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Additionally, Rule 60(b) allows the Court to relieve a party from a final judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

1  manifest injustice and is to be utilized only where extraordinary circumstances" exist.

2  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

3  citation omitted). The moving party bears the burden of demonstrating that relief under

4  Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

5  **V.    ANALYSIS**

6      **A.    Consideration of Extrinsic Evidence**

7      Ventura first contends that summary judgment may not be granted where the

8  terms of a contract are ambiguous. This is not an accurate summation of the law of

9  contract interpretation. Under California law, "[i]nterpretation of a contract is solely a

10  question of law unless the interpretation turns upon the credibility of extrinsic evidence."

11  Badie v. Bank of Am., 67 Cal. App. 4th 779, 799 (1998). (emphasis added). Thus,

12  extrinsic evidence does not present an issue for the trier of fact "unless it is conflicting

13  and requires a determination of credibility." Id. Additionally, summary judgment on an

14  ambiguous contract claim is permissible where there is a lack of evidentiary support for

15  competing interpretations of the contract language. Nat'l Union Fire Ins. Co. of

16  Pittsburgh, Pa. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983). The Court will apply

17  these principles to its analysis of Ventura's arguments.

18      Ventura argues that the mutual intent of the parties was to limit the indemnity

19  provision to the duration of the Phase II Plant Upgrade, as defined in the Scope

20  Document. However, nothing before the Court indicates that the contract is reasonably

21  susceptible to the interpretation proffered by Ventura. See Oceanside 84, Ltd. v. Fidelity

22  Federal Bank, 56 Cal. App. 4th 1441, 1448 (1997) ("Whether the contract is reasonably

23  susceptible to a party's interpretation can be determined from the language of the

24  contract itself or from extrinsic evidence of the parties' intent."). For the reasons stated in

25  the Court's order denying Ventura's motion for summary judgment, the Court finds that

26  the contract language does not support Ventura's interpretation.

27      The primary extrinsic evidence relied on by Ventura in support of this argument is

28  Purchase Order No. 000027245 and the accompanying declaration of Michael Stuebing,

1  Ventura's former Vice President of Manufacturing. According to Stuebing's declaration,

2  the purchase order reflects the parties' mutual understanding that Ventura had no

3  obligation to indemnify Bean for "design and manufacturing defects." The Court identifies

4  several issues with the Purchase Order and Stuebing declaration. First, neither

5  constitutes newly discovered evidence. <u>Cachil Dehe Band of Wintun Indians of Colusa</u>

6  <u>Indian Cmty. v. California</u>, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) ("For purposes

7  of a motion for reconsideration, evidence is not 'new' if it was in the moving party's

8  possession or could have been discovered prior to the court's ruling."). Thus, they

9  cannot provide a basis for reconsideration. No other ground for reconsideration is

10  advanced by either party with respect to this evidence.

11      Second, there is no foundation for Ventura's assertion that the Purchase Order

12  reflects the parties' mutual intent as to the indemnity provision. Significantly, the

13  Purchase Order issued after the sales contract had been fully executed. It is not signed

14  by any representative of Bean, nor does it reflect that it was received by Bean. Stuebing

15  states that the Purchase Order would have been sent to Bean in the usual course, but

16  otherwise does not substantiate how he divines from the Purchase Order Bean's

17  understanding of the indemnity provision. The Court finds no evidentiary basis to

18  conclude that the Purchase Order reflects Bean's intent.[1] The Purchase Order reflects,

19  at most, Ventura's intent. Such a unilateral, subjective, and undisclosed intent does not

20  control the Court's interpretation. "It is the objective intent, as evidenced by the words of

21  the contract, rather than the subjective intent of one of the parties, that controls

22  interpretation." <u>Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.</u>, 164 Cal. App.

23  3d 1122, 1127 (1985); <u>see also</u> <u>Founding Members of the Newport Beach Country Club</u>

24  <u>v. Newport Beach Country Club, Inc.</u>, 109 Cal. App. 4th 944, 956 (2003) ("The parties'

25  undisclosed intent or understanding is irrelevant to contract interpretation.").

26      Lastly, the Court is unable to credit Ventura's argument that the Purchase Order

27

28

---

[1] Indeed, the sales contract contains an integration clause, stating that the contract controls over any Purchase Order or similar document.

reflects anyone's intent regarding indemnification. The Purchase Order contains a basic warranty regarding the products that are the subject of the sales contract. It contains no mention of indemnification, and most certainly does not discuss personal injury to either party's employees or to anyone else. It would strain the bounds of contract interpretation to conclude that this post hoc Purchase Order reflected the intent of the parties with regard to indemnification at the time they entered into the sales contract.

In sum, the Purchase Order and accompanying declaration do not demonstrate clear error that would warrant reconsideration of the Court's conclusion that the indemnity provision requires Ventura to indemnify Bean in this case.

**B.     Whether Ventura Employees Working Alongside Bean**

In the order denying Ventura's motion for summary judgment, the Court concluded that limiting the indemnity provision to the time of the installation would lead to an absurd result: because no Ventura employees worked on the conveyor during its installation, Ventura would have contracted to indemnify against something which could not occur. Ventura now submits evidence to suggest that its employees worked "with or near" the equipment during the installation. Bean disputes these facts.

Ventura arguably has raised a dispute of fact as to whether Bean and Ventura worked side-by-side during the installation and thus called into question the Court's previous description of that position. However, the Court rejected Ventura's interpretation of the indemnity provision because it is inconsistent with the language of the sales contract and unsupported by applicable law.. A dispute of fact regarding whether Bean and Ventura worked together during the installation does not overcome the conclusion that Ventura's argument is nonetheless legally untenable.

**C.     The Court's Reliance on Facts Provided by Bean**

In its summary of the parties' arguments, the Court recounted various facts supplied by Bean concerning Plaintiff Arizaga's claims, how those claims relate to the work performed by Bean, and the extent to which Ventura directed Bean in the design and installation of the equipment at issue. These facts were not disputed by Ventura,

although Ventura did object to their relevance. Ventura now disputes these facts. The disputes are not based on newly discovered evidence.

As noted, Ventura did not previously dispute these facts, despite having an opportunity to do so. The facts relied on by the Court in resolving Ventura's motion for summary judgment and interpreting the contract were undisputed. But even if the Court were to consider these newly-raised issues, its analysis relied on them in only two respects. First, as discussed above, the Court relied on information that Bean and Ventura did not work side by side to conclude that Ventura's interpretation of the contract was illogical. Second, the Court relied on information regarding the parties' relationship to conclude that it would not be unconscionable to hold Ventura to its bargain. None of the facts proffered by Ventura undermine this conclusion.

## VI.   CONCLUSION AND ORDER

Based on the conclusions herein and in the Court's January 25, 2016 order denying Ventura's motion for summary judgment, it is HEREBY ORDERED that:

1. To the extent Ventura seeks reconsideration of any part of the order denying its motion for summary judgment, reconsideration is DENIED;

2. Summary judgment is GRANTED in favor of John Bean Technology Corporation on the third party complaint;

3. Ventura Coastal LLC shall indemnify and hold harmless John Bean Technology Corporation in this lawsuit;

4. Ventura Coastal LLC has a continuing obligation to defend John Bean Technology Corporation in this lawsuit; and

5. Ventura Coastal LLC shall pay John Bean Technology Corporation's defense costs to date since Ventura rejected Bean's tender of its defense.

IT IS SO ORDERED.

Dated:   March 22, 2016            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE